IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

| | |
|---|---|
| EDWARD EAVES JR., <br><br> Plaintiff, <br><br> v. <br><br> GEORGIA DEPARTMENT OF JUVENILE JUSTICE ATLANTA METRO REGIONAL YOUTH DETENTION CENTERS, <br><br> Defendant. | Civil Action File No. <br> 1:23-CV-0537-JPB-CCB |

## RESPONSE TO MOTION FOR RELIEF FROM JUDGMENT

This case was dismissed on September 18, 2023, following the parties' agreement to settle the underlying matter. *See* ECF Nos. 15, 19; *see also* Docket entry dated September 18, 2023. Now, nearly sixteen months later, plaintiff Edward Eaves has filed a Motion for Relief From Judgment. ECF No. 20. Eaves' motion is due to be denied because there was no "final judgment" from which to seek relief. Eaves' motion is also due to be denied because it is untimely and because he cannot demonstrate a valid reason to set aside the parties' settlement agreement.

I.     BACKGROUND

On February 6, 2023, Plaintiff Edward Eaves, Jr., filed this lawsuit

against the Georgia Department of Juvenile Justice. *See* ECF No. 1. The lawsuit stemmed from his employment with the agency, which lasted approximately five weeks in 2022. *See* ECF No. 2. In his complaint, Eaves alleged that he had been unlawfully discriminated and retaliated against by the Department, in violation of Title VII of the Civil Rights Act of 1964, the First Amendment of the United States Constitution, and the Georgia Whistleblower Act. The Department denied then, and denies now, that it took any unlawful actions with respect to Eaves or his employment.

On June 29, 2023, before the Department was required to file an answer to the complaint, the parties entered into a settlement agreement, a copy of which is attached here as Exhibit 1. *See also* ECF No. 15; ECF No. 20, p. 1, ¶ 2. As part of that contract, Eaves agreed not to apply for any future employment with the Department. ECF No. 20, p. 1, ¶ 3; *see also* Exhibit 1, ¶ 9. Following the parties' notice of settlement, Eaves failed to file a notice or stipulation of dismissal. In response to the Court's order to show cause why the case should not be dismissed for failure to obey an order of the Court, the Department submitted that the settlement agreement had been finalized and, with Eaves' consent, requested that the case be dismissed. *See* ECF No. 19. The case was then dismissed on September 18, 2023.

Nearly sixteen months after the dismissal, and more than eighteen months after the settlement agreement had been executed, Eaves filed a motion for relief from judgment. ECF No. 20. In his motion, Eaves asserts varying reasons that he contends justify the relief sought. First, Eaves cites Rule 60(b)(5) and (b)(6) in support of his claim that "it is no longer just or equitable to give [the "judgment"] prospective application." ECF No. 20, p. 1, ¶ 1. At other places in his motion, Eaves contends that the settlement agreement was entered into "under Duress and Consent" and that "newly discovered evidence" exists which justifies releasing Eaves from the agreement. *See* ECF No. 20, p. 2. Eaves goes on to assert that he was "under extreme emotional duress" and that the agreement was "created under fraud and misrepresentation." *Id.*, p. 2–3. Eaves alleges that "DJJ management and employees made up false criminal allegations against" him, in order to have him arrested. *Id.*, p. 3. Eaves argues that the Department's General Counsel, Cindy Wang, and counsel for the Department, Courtney Poole, were aware of these events and wrongly failed to take corrective action. *Id.* He goes on to claim that he was "coerced" into the agreement. Eaves contends that he would not have signed the agreement had he known about the "false criminal allegations" against him. *See* ECF No. 20, p. 7.

Ultimately, Eaves applied for another job with the Department. *See* ECF No. 20, p. 3, ¶ 6. After proceeding through the interview process, he was informed that he was not eligible for re-hire. ECF No. 20, p. 8. Eaves asks this Court to "revisit this litigation and consider the breach of contract on the part of the Department of Juvenile Justice." *Id.*

Eaves goes on to allege that Ms. Poole "represented to [him] that there were no other issues nor allegations made about [him] as a whistleblower." ECF No. 20, p. 9. He further asserts that Ms. Poole "represented that the state was willing to settle the case because I was unlawfully terminated for reporting illegal activity as a whistleblower." *Id.* Eaves contends that he was "coerced" into signing the settlement agreement because, according to him, Ms. Poole denied him information and "misrepresented the facts of the case and our discussions." *Id.* Had he known this information at the time, Eaves says, he would have refused to settle.[1]

Many of Eaves' assertions, particularly those concerning the Department's counsel, are inaccurate. *See* Declaration of Courtney C.

---

[1] Eaves also contends that Ms. Poole represented to him that his name would be "deleted from the database of the Department of Juvenile Justice." ECF No. 20, p. 10. This statement is incorrect. *See* Poole Decl., Exhibit 15.

4

Poole, ("Poole Decl."), Exhibit 2 and corresponding attachments. Counsel for the Department communicated with Eaves via email. Poole Decl., ¶ 4. At no point in time was counsel made aware, by Eaves or any other person, that Eaves was the subject of false criminal allegations. Poole Decl., ¶ 8. Further, counsel never pressured Eaves into signing a settlement agreement, nor did counsel make any representations to Eaves indicating that the Department was willing to settle because he "was unlawfully terminated." *See* Poole Decl., ¶¶ 4–7. To the contrary, Eaves was a full participant in the settlement negotiations. *See generally* Exhibits to Poole Decl. At multiple points in time, Eaves even indicated he had consulted with an attorney. Poole Decl., Exs. 1, 3, 4, 6, 7. Eaves also indicated that he would have "someone" look over the draft settlement agreement. Poole Decl. Ex. 9. Finally, Ms. Poole repeatedly communicated that the Department was *not* admitting any wrongdoing. Poole Decl., ¶ 5–7, Decl. Exs. 5 & 7.

## II. STANDARD OF REVIEW

"Motions under [Rule 60(b)] are directed to the sound discretion of the district court." *Griffin v. Swim-Tech Corp.*, 722 F.2d 677, 680 (11th Cir. 1984). If a Rule 60(b) motion is made for any of the reasons listed in subparts (1)–(3), the motion must be made within one year after the entry

of the judgment or order or the date of the proceeding. And, if a Rule 60(b) motion is made for any of the reasons listed in subparts (4)–(6), movants must still pursue their rights within a reasonable time. The district court is authorized to decide when a movant has sat on his rights for too long. *See Stansell v. Revolutionary Armed Forces of Colombia*, 771 F.3d 713, 736–37 (11th Cir. 2014) (affirming decision to deny a Rule 60(b)(4) motion, finding the nine month delay was unreasonable).

### III.   ARGUMENT AND CITATION OF AUTHORITY

**A. There was no final "judgment" or "order" from which to seek relief.**

Rule 60(b) of the Federal Rules of Civil Procedure provides an avenue for a litigant to seek relief from a "final judgment, order, or proceeding." Pursuant to Rule 54(a) of the Rules of Civil Procedure, "'[j]udgment' as used in these rules includes a decree and any order from which an appeal lies." This case involved no final "judgment" as that term is defined by the rules. Rather, the case was voluntarily dismissed, without prejudice, by court order. And "voluntary dismissals, granted without prejudice, are not final decisions." *State Treasurer v. Barry*, 168 F.3d 8, 13 (11th Cir. 1999).

Although the case has an unusual procedural history, owing to Eaves' *pro se* status, the dismissal in this case was a voluntary dismissal under

Rule 41(a)(2). While that rule contemplates the plaintiff requesting dismissal (and here, it was the defendant who filed the request), the dismissal in this case was with the consent of both parties. Specifically, the parties voluntarily entered into a binding settlement agreement, notified the Court of their agreement, and sought dismissal of the case. Critically, Eaves consented to the request for dismissal. *See* ECF No. 19; *see also* Poole Decl. Ex. 11. To the extent Eaves now seeks to challenge the validity of the settlement agreement, a Rule 60(b) motion is not the proper vehicle because, having been dismissed without prejudice, there is no "final judgment" from which Eaves can seek relief.

### B. Eaves' motion is untimely.

Even if Rule 60(b) were an appropriate vehicle to challenge the settlement agreement, Eaves' motion is untimely. Rule 60(c) requires that a motion under rule 60(b) "be made within a reasonable time—and for reasons (1), (2), and (3) no more than a year after the entry of the judgment or order or the date of the proceeding." As noted above, the parties in this case executed their settlement agreement on June 29, 2023. *See* Ex. 1. The Court was notified of the agreement on July 5, 2023. ECF No. 15. Following the notice of the settlement agreement, Eaves neglected to file a formal stipulation of dismissal. *See* ECF No. 19. Accordingly, and with

7

Eaves' consent, the Department requested the case be dismissed on September 15, 2023. ECF No. 19; *see also* Poole Decl. Ex. 11. The case was formally dismissed three days later. *See* Docket entry dated September 18, 2023. Even using the last of these dates, September 18, 2023, Eaves' Rule 60(b) motion is untimely.

Although Eaves references two specific subsections of Rule 60(b), ECF 20, p. 1, he does not appear to maintain a consistent basis for his motion, so the Department addresses all subsections herein. First, Eaves contends that he signed the settlement agreement "under duress" and that the agreement was created "in retaliation." *See* ECF No. 20, p. 2. He also asserts that there is "newly discovered evidence" that "the defendant was aware the Plaintiff had been falsely accused of a crime and the Defendant was a willing participant." *Id.* These reasons would appear to fall under Rule 60(b)(2) and (b)(3), both of which require Eaves to have filed his motion within one year of the proceeding from which he seeks relief. His motion, filed on January 7, 2025, is clearly untimely.

To the extent Eaves seeks to argue that the settlement and dismissal of his claims against the Department of Juvenile Justice is "no longer equitable," *see* ECF 20, p. 1, bringing his motion under Rule 60(b)(5), or under the catch-all provision of subsection (b)(6), Eaves' motion is still far

too late. The agreement was signed in the summer of 2023. Eaves contends that other employees of the Department made false accusations of criminal behavior against him and that he would not have signed the agreement had he known about the allegations at the time. ECF No. 20, pp. 2, 7. However, Eaves *also* states that he learned of these alleged accusations "approximately one week" after he signed the settlement agreement. ECF No. 20, p. 7. Eaves signed the agreement on June 29, 2023, Ex. 1, p. 7, and he consented to the case being dismissed on September 15, 2023. Poole Decl. Ex. 11. Crediting Eaves' own statements, then, he consented to the dismissal of this case *after* he apparently learned of the allegations upon which he bases his present request for relief. Eaves also offers no explanation as to why he waited approximately eighteen months to file his Rule 60 motion. As a result, it is untimely and should be denied. *See Stansell*, 771 F.3d at 736–38.

### C. There was no fraud, misrepresentation, or other misconduct which would justify the relief Eaves seeks.

Finally, even if Rule 60(b) is a proper vehicle to reopen this case, and even if Eaves' motion were timely, it would still fail on the merits because there was no fraud, misrepresentation, duress, or other misconduct which would justify the relief he now seeks. In his motion, Eaves makes several

accusations of fraud and misconduct against both the Department and its counsel. His contentions are without merit.

Communications between Eaves and the Department's counsel, Ms. Poole, have always taken place via email. *See* Poole Decl., ¶ 4. Included with this response are several email exchanges which reflect the nature and tone of those communications. *See generally* Poole Decl. Exhibits. At no point was Eaves pressured or coerced into signing the settlement agreement. *See generally, id.* To the contrary, Eaves participated fully in the settlement negotiations and he repeatedly referenced his ability and willingness to engage with attorneys to review his settlement demands. *See, e.g.,* Poole Decl., Exs. 1, 3, 4, 6, 7. Eaves was provided a copy of the settlement agreement for his review on June 23, 2023. Poole Decl. Ex. 10. Ms. Poole provided no deadline by which he was requested to sign or otherwise respond to the agreement and he was free to consult with counsel prior to execution. He was also free to ask any questions he might have or to reject the term regarding future employment with the agency. He did not do so. *See* Poole Decl., ¶ 9.

Indeed, shortly after this case was settled and dismissed, Eaves filed a separate lawsuit against another state agency, the Georgia Department of

Corrections.² *See Eaves v. Georgia Department of Corrections*, Case No. 1:23-cv-4332 (N.D. Ga. 2023). When he contacted Ms. Poole in reference to the Department of Corrections case, he indicated that previous interactions had been positive and respectful. *See* Poole Decl. Ex. 12. That case was also dismissed following a settlement and, as part of those negotiations, Eaves affirmed that he would not apply for a job with the Department of Corrections or any other state agency in the future. *See* Poole Decl. Ex. 13. He also indicated that he had been consulting with "a TEAM of lawyers" on that matter. Poole Decl. Ex. 14. In other words, Eaves recommitted himself to the terms of the settlement agreement in this case after, apparently, having discussed the matter with counsel. His attempt to now evade those terms should be rejected.

## IV. CONCLUSION

Eaves made an informed, voluntary decision to enter into a settlement

---

² Although Eaves is proceeding pro se, he is an experienced litigant and should be treated as such. *See Eaves v. Cobb Cnty Sheriff's Office*, Case No. 1:21-cv-4711 (N.D. Ga. 2021); *Eaves v. Georgia Department of Corrections*, Case No. 1:23-cv-4332 (N.D. Ga. 2023); *Eaves v. Rockdale County Sheriff's Office*, Case No. 1:21-cv-4710 (N.D. Ga. 2021), *aff'd at* Case No. 23-11734 (11th Cir. June 17, 2024); *Eaves v. Securitas Security Services USA, Inc., et al.*, Case No. 1:22-cv-3856 (N.D. Ga. 2022); *Eaves v. Work Force Central Florida*, Case No. 5:12-cv-01065 (M.D. Fla. 2012) *appealed at* Case No. 14-13511 (11th Cir. 2014).

agreement with the Department of Juvenile Justice which required him not to apply for any future employment with the Department. He reaffirmed that decision in a subsequent agreement in a different case. Eaves offers no valid justification for his claim that the final outcome of this case is "no longer equitable," and his claims of fraud and coercion are without merit. His untimely motion is both procedurally and substantively defective and should be denied.

Respectfully submitted this 21st day of January, 2025.

CHRISTOPHER M. CARR    112505
Attorney General

BRYAN K. WEBB    743580
Deputy Attorney General

KATHERINE P. STOFF    536807
Senior Assistant Attorney General

/s/ Shelley S. Seinberg
SHELLEY S. SEINBERG    617056
Sr. Assistant Attorney General
*Counsel for Defendant*

40 Capital Square, S.W.
Atlanta, Georgia 30334-1300
Telephone: (404) 458-3255
Email: sseinberg@law.ga.gov
cpoole@law.ga.gov

**Local Rule 7.1.D Certification:**

By signature below, counsel certifies that the foregoing pleading was prepared in Times New Roman, 14-point font in compliance with Local Rule 5.1B.

*/s/ Shelley S. Seinberg*
SHELLEY SEINBERG          617056
Sr. Assistant Attorney General

## CERTIFICATE OF SERVICE

I hereby certify that on January 21, 2025, I have caused a true and correct copy of the foregoing **RESPONSE TO MOTION FOR RELIEF FROM FINAL JUDGMENT** to be filed with the Clerk of Court using the CM/ECF system.

A copy of the attached has been mailed and emailed to the following non CM/ECF participant:

>Edward Eaves Jr., Pro Se
>3555 Sweetwater Rd. #317
>Duluth, GA 30096
>Edward_eaves@yahoo.com

>*/s/ Shelley Seinberg*
>SHELLEY SEINBERG
>Georgia Bar No. 617056
>Sr. Assistant Attorney General

Georgia Department of Law
40 Capitol Square, SW
Atlanta, Georgia 30334
Telephone: (404) 458-3255
Email: sseinberg@law.ga.gov